Ocwen Loan Servicing, LLC v Malik (2021 NY Slip Op 03596)





Ocwen Loan Servicing, LLC v Malik


2021 NY Slip Op 03596


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-05956
 (Index No. 604194/17)

[*1]Ocwen Loan Servicing, LLC, respondent,
v
Abdul Muqaddim Malik, etc., appellant, et al., defendants. John P. DeMaio, New York, NY, for appellant.


McGlinchey Stafford, PLLC, New York, NY (Dana M. Carrera of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Abdul Muqaddim Malik appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 22, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, in effect, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Abdul Muqaddim Malik, to strike his answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof appointing a referee to compute the amount due to the plaintiff; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Abdul Muqaddim Malik.
In May 2017, the plaintiff commenced this mortgage foreclosure action against the defendant Abdul Muqaddim Malik and various "John Doe" defendants. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike Malik's answer, and for an order of reference. Malik opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him, contending, among other things, that the plaintiff failed to comply with the requirements of RPAPL 1304. The Supreme Court granted the plaintiff's motion, in effect, denied Malik's cross motion, and appointed a referee to compute the amount due to the plaintiff. Malik appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute also requires, inter alia, that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. Although the RPAPL 1304 notices were allegedly mailed from New York by the same law firm that filed the summary judgment motion on behalf of the plaintiff, no one from that law firm provided an affidavit of mailing, or any other evidentiary proof in admissible form to establish that the mailing was properly completed. Instead, the plaintiff relied on the affidavit of Jennifer Jeudy, a contract management coordinator based in Palm Beach County, Florida, who averred, without further explanation, that the RPAPL 1304 notices "were mailed by first-class and certified mail, having been placed in an official depository under the exclusive case [sic] and custody of the United States Post Office in postage-paid properly addressed envelopes." Since the plaintiff failed to provide sufficient proof of the actual mailing, and Jeudy did not attest to knowledge of the mailing practices of the plaintiff's New York law firm, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24; LNV Corp. v Sofer, 171 AD3d 1033, 1036).
Accordingly, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Malik, to strike his answer, and for an order of reference, and appointing a referee to compute the amount due to the plaintiff.
Malik's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court